UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ABRAHAM JOHN YBARRA, )
   Plaintiff, )
   )
vs. ) Case No. 22-CV-2008
   )
KATHY BRADSHAW ELLIOTT,, et. al., )
   Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by Judge Kathy Bradshaw-Elliott, Assistant States Attorney Brenda Claudio, Public Defender Lawrence Beaumont, "Municipal of Kankakee," the County of Kankakee, the Office of the States Attorney, and the Office of the Public Defender.

Plaintiff has filed his lawsuit concerning an "unconstitutional sentence on 12-12-16." (Comp, p. 5). Plaintiff says he was improperly sentenced for an aggravated robbery charge in Kankakee County Case No. 14 CF 558. The Court has reviewed the

claims in Plaintiff's complaint as well as the online, criminal records from Kankakee County to understand Plaintiff's claims more fully.[1]

Plaintiff was originally sentenced in Case No. 14 CF 558 on December 12, 2016 to nine years in the Illinois Department of Corrections (IDOC). Plaintiff served a little less than four years and was released on August 31, 2018 on Mandatory Supervised Release (MSR).

Plaintiff was then arrested on an unrelated domestic battery claim on July 2, 2020. Plaintiff says he faced a parole hold due to his prior criminal conviction, but it does not appear his parole was revoked. Plaintiff was found guilty on the new charge after a jury trial on October 28, 2020. He was sentenced on March 16, 2021 to 12 years in IDOC with four years MSR. Plaintiff was also given credit for time served beginning with his arrest on July 2, 2020.

Shortly before Plaintiff was sentenced in the new case, Plaintiff filed a Petition for Post-Conviction Relief in his previous case, Case No. 14 CF 558, on February 24, 2021. On May 6, 2021, the State conceded Plaintiff should not have been sentenced to a Class X felony. It is not entirely clear why, but it appears the Class X Sentence relied on previous offenses which occurred when Plaintiff was 17 years old. The case was set for resentencing and on July 23, 2021.

---

[1] KANKAKEE COUNTY, CourtView, https://eaccess.k3county.net/eservices/ searchresults.page?x= Vfn2axYnnbGqiDJUzYB8RxYozDtUcOFW7S4cpcXjm9yOS5p-QZdCYUWC*owQjiZajhHHDilQU-pNV5XxLB-ZsA (last visited April 14, 2022).

Plaintiff was resentenced to seven years in IDOC with twelve months of MSR. Plaintiff was also given credit for time served from his original arrest on December 4, 2014 to his release on August 31, 2018.

Plaintiff now argues he is entitled to damages based on the correction in his sentence. First, Plaintiff says he should not have been placed on a parole hold when he was arrested on July 2, 2020. However, Plaintiff was in custody on new charge and he was given credit for all time served when he was sentenced. Therefore, Plaintiff has not demonstrated he is entitled to damages. Second, Plaintiff claims since he was resented to seven years in IDOC in Case No. 14 CF 558, he served two months and 27 days longer than he should have. It is not entirely clear that Plaintiff's calculation is correct. Nonetheless, Plaintiff cannot proceed against the named Defendants in an action pursuant to 42 U.S.C. §1983.

For instance, a judge is entitled to absolute immunity so long as her acts are within her jurisdiction and performed in her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978)( "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks omitted); *see also Bertha v. Hain*, 787 Fed.Appx. 334, 338 (7th Cir. 2019). Defendant Judge Elliott's sentencing decisions are entitled to this protection.

In addition, prosecutors such as the Assistant State's Attorney are also immune when carrying out prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately

3

associated" with the judicial process); *see also Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986)(absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence).

Public defenders such as Defendant Beaumont are not entitled to absolute immunity, but a public defender does not act under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson,* 454 U.S. 312, 317 n. 4 (1981). Section 1983 requires a plaintiff allege "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr fo Mental Health, Inc,* 924 F.2d 106, 107 (7th Cir.1991). Therefore, Plaintiff cannot proceed with his claim against this Defendant either. In addition, it is likely any claim against Defendant Beaumont is barred by the two-year statute of limitations period since it appears his representation ended in December of 2016. *See Nikoloff v. Ziliak*, 2020 WL 6266383, at *1, 2 (S.D.Ind. March 19, 2020)(plaintiff's claim that his attorney failed to make sure he was "charged with the right charge" was barred by two year statute of limitations period).

Finally, "a local government can be a proper §1983 defendant only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Watkins v. City of Chicago*, 2022 WL 1045703, at *5 (N.D.Ill. April 7, 2022), quoting *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff

has failed to allege a factual basis for a claim against the "Municipal of Kankakee," or the County of Kankakee.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed and all pending motions are denied. (Mot. Atty., [5]).

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be responsible for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 18th day of April, 2022

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE